In re appeal of NEVA· M. HARRISON, administratrix. &c., from an order of the surrogate of Bergen county admitting to probate the last will and testament of John Tipper, deceased.

[Decided November 18th, 1918.]

The informality of an order for postponement of hearing of an appeal from the probate of a will by the surrogate, in failing to specify the sum to be paid by appellant on account of expenses in subpœning an alienist—*Held*, not to justify the reversal of an order dismissing the appeal when no one appeared for the appellant on the adjourned day.

---

On appeal from an order of the prerogative court advised by Vice-Ordinary Backes and reported in *88 N. J. Eq. 307*.

*Mr. Adolf L. Engelke,* for the appellant.

*Mr. Warren Dixon,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The will of John Tipper, deceased, having been admitted to probate by the surrogate of Bergen county, Neva M. Harrison, the administratrix of the testator's widow, removed the proceed-. ings into the orphans court of the county for review upon the ground that the testator was mentally incompetent to make a will at the time of the execution of the instrument offered for probate. The matter was regularly set down before the orphans court for hearing, but was adjourned upon the application of Miss Harrison. Upon the adjourned day a further postponement was asked for by her, which was opposed by counsel for the proponents of the will. After some discussion the court concluded to grant the application, upon condition, however, that Miss Harrison pay the costs of the day, including the fee and expenses of Dr. Britton D. Evans, a prominent alienist who had been subpœnaed as a witness by the proponents. Counsel for Miss Harrison then asked to be informed what his fee and expenses amounted to, and was told by his adversary that the fee was $100, exclusive of expenses. Miss Harrison's counsel then objected to the inclusion of the expert witness' fee in the taxation of the costs; but, notwithstanding, the court made the order for adjournment upon the condition which had been declared by it. On the second adjourned day no person appeared representing Miss Harrison, and the appeal was dismissed. She then petitioned to the prerogative court for a review of the order of dismissal, upon the ground that the order of continuance was made upon terms and conditions illegally imposed upon her. The order did not specify in dollars and cents the amount allowed by the court, for the expense incurred in procuring the attendance of Dr. Evans, and for this reason the prerogative court reversed the order of dismissal entered in the court below.

We concur in the view that the order for postponement was technically objectionable in form for failure to contain a specification of the sum to be paid on account of the expenses incurred in the subpœnaing of Dr. Evans; but we cannot agree with the prerogative court that the failure in this regard justified a re-

versal of the order of dismissal. As that court said, the imposition of the condition by the orphans court was a matter within its discretion; and it cannot be said that there was an improper exercise of that discretion. The failure to specify in the order the sum to be paid was not injurious to Miss Harrison, because she had already been advised of the amount of the fee by counsel at the hearing. She made no objection to the orphans court of the form of the order, and, apparently, abandoned the further prosecution of her appeal in that court by failing to appear on the day of the last adjournment. Moreover, the ground of her appeal to the prerogative court was not directed at the form of the order for postponement, but at the allowance of Dr. Evans' fee, her claim being that it was illegal, oppressive and an abuse of the court's discretion to compel her to pay it. The error pointed out by the prerogative court, not having been injurious to Miss Harrison, and not having been relied on as a ground for reversal, her appeal to that court should have been dismissed.

The order under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.